# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No. 05-20112-JWL

**Curtis Allison,**

    **Defendant.**

## MEMORANDUM & ORDER

    In November 2005, Mr. Allison was charged in a two-count Indictment with possession and distribution of child pornography. In January 2006, Mr. Allison pled guilty to the distribution charge and he was ultimately sentenced to 121 months' imprisonment followed by three years of supervised release under a number of standard and special conditions. Many of the special conditions concern restrictions on Mr. Allison's computer use as well as computer monitoring by the probation officer.

    Mr. Allison, still incarcerated, now seeks clarification of those special conditions of supervised release—namely, whether the conditions apply only to computers owned by Mr. Allison or whether they also apply to computers owned by an employer of Mr. Allison's and used by Mr. Allison in the course of his employment. In support of his motion for clarification, Mr. Allison asserts that he has obtained certification as an Automobile Technician and Mechanic; that he intends to pursue employment in that field upon his release; that he expects to utilize computers in that field; and that, as a result, his conditions of release should be clarified to expressly exclude computers used by Mr. Allison at his place of employment. The

government, in response, contends that Mr. Allison's motion is premature and that the soundest approach is for the court to clarify the special conditions only after Mr. Allison is released from prison and has had a chance in the first instance to work with his probation officer to resolve any questions about his conditions. As also noted by the government, any clarification the court provides at this juncture might well be advisory if Mr. Allison's future employment does not require him to use computers.

To begin, the advisory committee's notes to Federal Rule of Criminal Procedure 32.1(b) state that a "probationer should have the right to apply to the sentencing court for a clarification or change of conditions." Fed. R. Crim. P. 32.1(b), adv. comm. notes.[1] Courts have presumed that this note would apply equally to defendants on supervised release as to those on probation. *See, e.g., United States v. Vigil*, 2010 WL 2301708, at *5 & n.7 (D.N.M. May 4, 2010). Moreover, as the committee notes emphasize, the right to seek clarification is important for two reasons—"(1) the probationer should be able to obtain resolution of a dispute over an ambiguous term or the meaning of a condition without first having to violate it; and (2) in cases of neglect, overwork, or simply unreasonableness on the part of the probation officer, the probationer should have recourse to the sentencing court when a condition needs clarification or modification." Fed. R. Crim. P. 32.1(b), adv. comm. notes. The advisory committee notes, then, suggest that a motion to clarify will typically be filed by a defendant on supervised release rather than a defendant who is still incarcerated.

---

[1] While Mr. Allison filed his motion pursuant to Rule 60(a), it is appropriately construed under Rule 32.1. *See, e.g., United States v. Cutler*, 259 Fed. Appx. 883, 886 (7th Cir. 2008) ("Rule 32.1 . . . permits a defendant to seek a clarification . . . of the terms and conditions of his release.").

The court believes that any clarification should wait until Mr. Allison is released from prison (which is not scheduled until October 2014) and has had an opportunity to consult with his probation officer about the conditions of his supervised release. There is not yet any "dispute over an ambiguous term" or any "dispute over the meaning of a condition" as contemplated in the advisory committee notes. It may be that the probation officer and Mr. Allison, after consultation, concur with the nature and scope of the special conditions such that no clarification from the court is necessary. It may be that Mr. Allison finds suitable employment that does not require Mr. Allison to use computers. In any event, the court discerns no prejudice to Mr. Allison by requiring him to refile his motion when and if an actual dispute about his conditions arises. Although Mr. Allison asserts that he is attempting to "prepare" for his release, he does not indicate any intent to apply for employment prior to his release.

Mr. Allison directs the court to three cases which, according to Mr. Allison, emphasize the importance of clarifying conditions of release relating to computer use. These cases are all distinguishable and do not persuade the court that it should clarify Mr. Allison's conditions prior to Mr. Allison's release. To begin, none of the cases concerns a motion to clarify conditions filed with the district court by an incarcerated defendant. In the first case, *United States v. Mike*, 632 F.3d 686 (10th Cir. 2011), the defendant had completed his term of imprisonment at the time the Circuit issued its opinion and was thus subject to enforcement of the terms of his supervised release. *Id*. at 692. The defendant in *Mike* had filed a direct appeal of the district court's decision overruling his objections to certain conditions imposed by the district court and he had never sought clarification or modification from the district court. *Id*. It is unclear whether the defendant in the second case, *United States v. Matteson*, 327 Fed. Appx. 791 (10th

3

Cir. 2009) had completed his term of imprisonment but, in any event, the government conceded the defendant's vagueness argument—an argument made by the defendant on direct appeal without first seeking clarification or modification from the district court. In the third case, *United States v. Largo*, 2011 WL 6829595 (D.N.M. Dec. 20, 2011), the district court simply altered the probation officer's proposed computer condition prior to sentencing.

For the foregoing reasons, the court concludes that Mr. Allison's motion is premature and that his motion should be refiled when and if an actual dispute arises concerning the nature and scope of the special conditions imposed on him.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Allison's motion for clarification (doc. 33) is denied without prejudice to refiling.

**IT IS SO ORDERED**.

Dated this 7th day of February, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge