# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                           Case No. 05-20112-JWL

**Curtis Allison,**

    **Defendant.**

## MEMORANDUM & ORDER

In November 2005, Mr. Allison was charged in a two-count Indictment with possession and distribution of child pornography. In January 2006, Mr. Allison pled guilty to the distribution charge and he was ultimately sentenced to 121 months' imprisonment followed by three years of supervised release under a number of standard and special conditions. This matter is now before the court on Mr. Allison's motion for correction of the record (doc. 39) through which Mr. Allison moves the court to strike the special conditions imposed in the written judgment on the grounds that the court never pronounced those conditions as part of Mr. Allison's oral sentence. *See United States v. Babineaux*, 493 Fed. Appx. 485 (5th Cir. 2012) (failure to impose a special condition orally at the sentencing hearing creates a conflict and written judgment must be amended to comport with the oral sentence). According to Mr. Allison, the court's failure to include the special conditions as part of Mr. Allison's oral sentence, and including those conditions only as part of the written judgment, denied Mr. Allison his right to be present for sentencing.

The motion is denied. The revised Presentence Investigation Report (PSIR) prepared for Mr. Allison recommended 17 special conditions upon Mr. Allison's release from custody. Those special conditions were set forth in detail in paragraphs 69 through 85 of Part D ("Sentencing Options") of the PSIR. At the sentencing hearing, both Mr. Allison and his counsel confirmed to the court that they had reviewed the PSIR together. No objections were made to the special conditions recommended in the PSIR. In connection with the court's oral pronouncement of Mr. Allison's sentence, the court stated: "I intend to impose each of the mandatory and special conditions of supervision which are set forth in Part D of the presentence report at Paragraph 66 through 85." Mr. Allison's counsel was afforded another opportunity to object at the conclusion of the court's oral sentence and no objection was made. The special conditions set forth in the PSIR were included verbatim in the written judgment issued after the sentencing hearing.

The transcript of the sentencing hearing clearly reflects that the court imposed each of the special conditions orally at the sentencing hearing and that the written judgment is consistent with the oral sentence. Because Mr. Allison has not demonstrated a conflict between his oral sentence and the written judgment, or an ambiguity in the oral pronouncement of his sentence, no violation of his rights has occurred and he is not entitled to a "correction" of the record. *See United States v. Moore*, 449 Fed. Appx. 677, 679 (9th Cir. 2011) (no Confrontation Clause or Due Process violation where defendant had opportunity to object to all special conditions at the time of sentencing).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Allison's motion for motion for correction of the record (doc. 39) is denied.

**IT IS SO ORDERED**.

Dated this 8th day of May, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge