IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
                Plaintiff, )
)
v. )   Case No. 05-20112-JWL
)
CURTIS ALLISON, )
)
                Defendant. )
)
_____)

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion for return of property (Doc. # 65). For the reasons set forth below, the motion is **granted in part and denied in part**. The motion is granted with respect to any further search of defendant's computer and with respect to the eventual return of defendant's property that was seized by the Probation Office. The motion is otherwise denied.

**I.    Background**

In 2006, defendant pleaded guilty to distribution of child pornography, and the Court sentenced defendant to a term of imprisonment of 121 months, with three years of supervised release. Included among the special conditions of supervised release ordered by the Court was the following:

> 12. The defendant shall consent to the United States Probation Office conducting periodic unannounced and/or random examinations of his computer(s), Internet-capable devices, hardware, and software under the defendant's control which may include retrieval and copying of all data from his computer(s). This also includes the removal of such equipment, if necessary, for the purpose of conducting a more thorough inspection.

Defendant began serving his period of supervised release on October 10, 2014. On October 27, 2014, defendant signed a document indicating that he waived his right to a hearing or counsel and that he agreed to the modification of the term of his supervised release to include the following conditions:

> 1) The defendant shall submit his/her [property] to a search, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be ground for revocation. . . .
>
> 2) As directed by the U.S. Probation Officer, the defendant shall cooperate with and abide by the policies of the United States Probation Office's Computer and Internet Monitoring Program which includes restrictions and/or prohibitions related to: computer and Internet usage . . . . The defendant will also be subject to computer monitoring, and will provide the United States Probation Office with a complete inventory of all electronic and Internet capable devices, user accont information as well as password(s).

This modification to the conditions of defendant's supervised release, however, was never submitted to or approved by the Court.

On March 19, 2015, the Probation Office conducted a search of defendant's residence, and a computer hard drive and various other items were seized. According to the pending violation report, defendant made various statements at the time of the

2

search. Defendant was subsequently arrested.

After having discovered that the agreed modification was never obtained from the Court, the Probation Office decided not to go forward with a search of defendant's computer for additional evidence without a Court order approving such a search. Accordingly to defendant, the Government made an oral motion to the Magistrate Judge for approval for the search, and defendant was then given the opportunity to respond in writing. Defendant then filed the instant motion. By that motion, defendant opposes any request for authorization to search the seized computer. Defendant also moves for the return of the computer and any other non-contraband property that was seized. Defendant also appears by his motion to seek suppression, for purposes of the revocation hearing, of the items seized in the search and his statements made during the search, as fruits of a warrantless search in violation of the Fourth Amendment.

## II.    Analysis

As a preliminary matter, defendant argues that he did not consent to the search at the time because the search was conducted under the false pretense that defendant's conditions of supervised release had been modified. The Government does not argue in its response that defendant consented at the time of the search. Thus, the Court will not uphold the search on such a basis.

With respect to the use of the items seized, the Government argues that the exclusionary rule (requiring exclusion of evidence obtained as a result of an

unconstitutional search) does not apply to supervised release revocation hearings. This Court held exactly that in *United States v. Quinn*, 2007 WL 437734 (D. Kan. Feb. 6, 2007) (Lungstrum, J.). In *Quinn*, the Court noted that every circuit court to have considered the issue had held (with minor exceptions) that the exclusionary rule does not apply to such hearings. *See id.* at *3 (citing cases). The Court further noted that the Tenth Circuit had previously joined the majority of circuits in holding that the rule does not apply to parole or probation revocation hearings, based on the fact that the purpose of deterrence is not served by application of the rule in such an instance, and this Court expressed the belief that the Tenth Circuit would reach the same conclusion in the case of a supervised release revocation hearing. *See id.* at *4 (citing *United States v. Finney*, 897 F.2d 1047 (10th Cir. 1990)). Finally, this Court noted in *Quinn* that the Supreme Court had previously held that the rule does not apply in state parole revocation hearings and had expressed a reluctance to extend the reach of the rule. *See Quinn*, 2007 WL 437734, at *4 (citing *Pennsylvania Board of Probation and Parole v. Scott*, 524 U.S. 357 (1998)). Nothing has changed in the caselaw to cast any doubt on the correctness of the Court's conclusion in *Quinn*, and the Court therefore reaches the same conclusion here. Defendant does not dispute that, under Tenth Circuit law, the exclusionary rule does not apply in this case. Thus, at least with respect to evidence already obtained by the Probation Office, defendant's motion to suppress is denied.

Defendant's only response to this argument that the exclusionary rule does not apply is to note that the Government has not cited any authority to sanction an additional

4

search of the computer. Indeed, although the Government argues that the seized items may be offered at the hearing because the exclusionary rule does not apply, it has not separately addressed how that argument applies to an additional search of the computer that has not yet been undertaken. The Court agrees that the inapplicability of the exclusionary rule does not bear on whether a further search for evidence not yet obtained is warranted. Thus, the Court must consider the Government's other arguments as they may relate to the unsearched computer.

The Government argues that the search here was justified by defendant's consent by virtue of Special Condition 12 imposed as a part of defendant's original sentence of a term of supervised release. As noted above, that condition provided that defendant "shall consent" to examination of his computer and the removal of his computer as necessary for a more thorough inspection. The Government argues, without citation to authority, that in light of that condition, and with respect to the computer, "the Probation Office was acting in accordance with the authority given to it by the sentencing court at the time of the original sentencing." Under a plain reading, however, Condition 12 does not grant any such authority to the Probation Office. Rather, the condition—like the 16 other Special Conditions imposed at that time—imposes an obligation on defendant. As with the other conditions, if defendant fails to fulfill the obligation, he has violated the terms of his supervised release and runs the risk of revocation. He does have the option to withhold consent, however. Accordingly, the Court rejects the Government's argument that Special Condition 12 imposed by the Court at sentencing authorizes any

5

search of defendant's property without his consent.[1]

Finally, the Government argues that even though the modification of the conditions of defendant's supervised release was never submitted to the Court for approval, defendant nonetheless effectively consented to a search by signing the modification document. Defendant did not consent to all searches in that document, however; he merely agreed to a modification of the terms of his supervised release that would not become effective without a subsequent Court order. Moreover, even if the Court had ordered the agreed modification, reliance on the modification would fail for the same reason that the argument based on Special Condition 12 failed. The modified terms do not grant the Probation Office any authority to search; rather, those terms merely provide that defendant "shall submit" to a search based on reasonable suspicion. The proposed modification's specific provision that "[f]ailure to submit to a search may be ground for revocation" further indicates that defendant has the right to refuse to

---

[1]The Government has not conducted any analysis of the language of Special Condition 12 or cited any cases in which similar language was deemed to constitute an irrevocable consent to search (as, by his present motion, defendant has clearly withdrawn any previous consent to search his computer). In *Samson v. California*, 547 U.S. 843 (2006), the Supreme Court expressly declined to decide whether acceptance of a search condition of parole in that case constituted consent in the sense of a complete waiver of Fourth Amendment rights. *See id.* at 852 n.3. Nor has the Tenth Circuit answered that question. The Court notes that in *Samson*, the Supreme Court upheld a warrantless search as reasonable based on the totality of the circumstances, including the diminished expectation of privacy enjoyed by a parolee. *See id.* at 848-53. The Government has not argued in this case, however, that the warrantless search of defendant's property was justified by the totality of the circumstances even absent defendant's consent. Thus, the Court does not consider any such basis to uphold the search of defendant's property.

6

submit (at the risk of revocation).

Accordingly, the Government has not offered any valid basis to uphold the warrantless search of defendant's residence. As noted above, the Government may use any seized items at the hearing on the requested revocation of defendant's supervised release. The Government has not established, however, a proper basis for an additional search of the computer. Nor has the Government disputed that any property seized without a valid basis should be returned to defendant pursuant to Fed. R. Civ. P. 41(g) once such property is no longer needed for purposes of the revocation hearing. Accordingly, defendant's property shall be returned to him (or his counsel, if he is prohibited from possessing such property) once such property is no longer needed for the revocation hearing, and defendant's motion is granted to that extent.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for return of property (Doc. # 65) is hereby **granted in part and denied in part**. The motion is granted with respect to any further search of defendant's computer and with respect to the eventual return of defendant's property that was seized by the Probation Office. The motion is otherwise denied.

---

[2]There is no official record in the docketed case file of any motion, by which the Government requests a search warrant or some other order, presently pending before the Magistrate Judge. Accordingly, this Court will proceed with the revocation hearing as if no further matters remain pending.

7

IT IS SO ORDERED.

Dated this 10th day of April, 2015, in Kansas City, Kansas.

                                                 s/ John W. Lungstrum  
                                                 John W. Lungstrum  
                                                 United States District Judge